| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ELKHART CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| ELKHART COUNTY | ) | |

STATE OF INDIANA ) IN THE ELKHART CIRCUIT/SUPERIOR COURT
) SS:
ELKHART COUNTY )

PAULA JONES )
)
　　　　Plaintiff, )
)
v. )　CAUSE NO. 20D01-1203-CC-
)
MCINTOSH GREEN HOUSE & )
GARDEN CENTER INC. )
)
　　　　Defendant. )　JURY DEMAND

## COMPLAINT AT LAW

Plaintiff, Paula Jones (herein after: "Ms. Jones"), by and through their counsel, Doug A. Bernacchi, brings suit against the Defendant, McIntosh Green house & Garden Center Inc., (hereinafter: "McIntosh") and in support thereof states as follows:

### PARTIES

1. Ms. Jones, is a citizen of Indiana who at all times relevant to this case resided in Elkhart County.

2. McIntosh is located in Indiana and at all times relevant to this case conducts business in Elkhart County.

### RELEVANT FACTS

3. Ms. Jones, an employee of McIntosh, was injured while working on April 21, 2011 and was placed on temporary disability.

4. Ms. Jones injuries incurred when she was carrying a flat of flowers and as she exited a door slipped in mud outside of the door and feel landing on her left knee at work.

5. Two co-workers witnessed Ms. Jones fall and called a Supervisor.

6. The Supervisor, noting the cut and swelling on her knee, transported Ms. Jones in

1

the Supervisor's personal vehicle to receive emergency medical care.

7. Ms. Jones was removed from her Supervisor's personal vehicle in a wheel chair and was seen by Goshen Hospital, given a drug test and alcohol which she passed, given x-rays and had follow up treatment at Michiana Physical Medicine and Community Occupational Medicine and told to stay home.

8. Thereafter a representative from McIntosh called her at home and told her to go to occupational therapy they provided.

9. On May 11, 2011 Ms. Jones began attending therapy for the injuries that she sustained due to the fall.

10. Ms. Jones, initially attempted to return to work on restricted duty but was told by McIntosh there was no position that would allow work there.

11. After getting a release to return to work from her medical providers if she wore a brace, called McIntosh to inform them that she would be able to return to work. Ms. Jones' call was transferred to Mr. McIntosh, the owner. He told Ms. Jones that because of her injury, her help was no longer needed.

## COUNT I – VIOLATION OF AMERICANS WITH DISIBILITY ACT
### 42 U.S.C. § 12181 et. seq., ("ADA)

12. Ms. Jones repeats and re alleges paragraphs 1 through 11 as though fully set forth herein.

13. McIntosh, fully aware of Ms. Jones disability, discriminated against Ms. Jones because she was disabled within the meaning of the ADA.

2

14. Ms. Jones had been released to work light duty but she was told there was no light duty work for her at McIntosh.

15. Her work performance had met her employer's legitimate expectations.

16. Ms. Jones was discharged by the owner of McIntosh and the circumstances surrounding her discharge indicate that it is more likely than not that her disability was the reason for these adverse actions.

Respectfully submitted;

Doug Allen Bernacchi
215 West 8th Street
P.O. Box 0289
Michigan City, IN 46361-0289

## JURY DEMAND

Plaintiff requests trial by jury.